1

2
Sonia M. Mercado Esq. SBN: 117069
**SONIA MERCADO & ASSOCIATES**
3
5711 W. Slauson Ave., Suite 100
Culver City, California 90230
Telephone: 310.410.2981
4
Facsimile: 310.410.2957
E-mail: soniamer2002@yahoo.com

5

6
Attorneys for Plaintiffs,
L.C., S.C., ISAAC CEDANO,
MARIA CARMEN GARCIA,
7
AND THE ESTATE OF GUILLERMO PABLO CEDANO

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CV14-1560**

L.C., S.C., Minors, by and through
Guardian Ad Litem Maria Carmen
Garcia, ISAAC CEDANO MARIA
CARMEN GARCIA for herself, and
for THE ESTATE OF GUILLERMO
PABLO CEDANO,

Plaintiffs,

vs.

THE CITY OF MONTEBELLO,
MONTEBELLO POLICE
DEPARTMENT, CHIEF KEVIN
McCLURE, AND DOES 1 through 10
inclusive,

Defendants.

CASE NO. CASE No.

**COMPLAINT FOR DAMAGES**

(1)   42 U.S.C. § 1983 - Violation of
      Civil Rights
(2)   42 U.S.C. § 1983 - Entity Liability
      Policy, Custom or Practice;
(3)   42 U.S.C. § 1983 - Supervisory
      Liability
(4)   California Constitution Article 1 §
      13;
(5)   Battery;
(6)   Negligence;

DEMAND FOR JURY TRIAL

1.   Plaintiffs jointly bring this action against the CITY OF MONTEBELLO,

MONTEBELLO POLICE DEPARTMENT, CHIEF KEVIN McCLURE,

AND DOES 1 through 10 inclusive, by and through their respective counsels

the Law Offices of R. Samuel Paz and Sonia Mercado and Associates, and

jointly allege as follows:

**COMPLAINT FOR DAMAGES**

FILED
CLERK, U.S. DISTRICT COURT
APR 2 - 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

LODGED

## JURISDICTION AND VENUE

2.   This is a civil rights wrongful death/survival action arising from Defendant's false arrest, failure to provide access to competent medical care and treatment concerning Decedent's serious medical needs and use of unnecessary force in violation of his civil rights occurring while Decedent was under their custody and control, resulting in the death of GUILLERMO PABLO CEDANO on May 17, 2013.  This action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide claims arising under state law.

3.   Venue over Plaintiffs' claims is proper in the Central District of California because one or more of the Defendants' principal place of business is in the City of Gardena, County of Los Angeles and the events giving rise to the claim occurred in this district.  28 U.S.C. §1391(a)(1) and (b)(2).

## PARTIES

4.   Plaintiffs are L.C., S.C., Minors, by and through their natural mother and Guardian Ad Litem Maria Carmen Garcia, ISAAC CEDANO, and MARIA CARMEN GARCIA the natural children and wife of decedent GUILLERMO PABLO CEDANO (hereinafter referred to as Mr. CEDANO), successors in interest pursuant to *Code of Civil Procedure* § 377.32 of their deceased father and husband, and they currently reside in the County of Los Angeles, State of California.  At the time of the events alleged herein Mr. CEDANO was age 44 years, working for the Los Angeles County Office of Education in Southern California.

5.   Defendant CITY OF MONTEBELLO (hereinafter referred to as "CITY"), is a chartered subdivision of the State of California with the capacity to sue and be

2   **COMPLAINT FOR DAMAGES**

1    sued.  Defendant CITY is responsible for the actions, omissions, policies,

2    procedures, practices and customs of its various agents and agencies,

3    including the MONTEBELLO POLICE DEPARTMENT (hereinafter referred

4    to as "MPD"), and its agents and employees.  At all times relevant to the facts

5    alleged herein, Defendant CITY was responsible for assuring that the actions,

6    omissions, policies, procedures, practices and customs of the MPD and the

7    and its employees and agents complied with the laws and the Constitution of

8    the State of California.

9  6.    Defendants, CHIEF KEVIN McCLURE (hereinafter referred to as "Chief

10    McCLURE"), and Does 1 through 10, were at all times mentioned herein, and

11    on or about May 17, 2013, CITY and MPD employees and supervisors. They

12    are sued in their personal capacity. They were charged by law and were

13    responsible with the supervision of police officers and/or employees DOES 1-

14    10 and other employees under their command in MPD and for the training,

15    reprimands and corrective actions of persons, agents and employees working

16    under their chain of command within said MPD, including officers, police

17    officers, and for investigating, accounting and reporting their subordinates

18    conduct to their superiors, and accountable for Does 1 through 10, inclusive,

19    as set forth herein and below.

20  7.    Defendants DOES 1-10 were employees of CITY and MPD and at all times

21    mentioned herein, police officers and custodial staff who were responsible for

22    the proper investigations of crimes and for providing access and delivery of

23    medical care for serious medical problems of persons in their custody and for

24    the security, care, and safety of Mr. CEDANO, and were responsible for

25    ensuring that his constitutional and statutory rights were not violated.  They

26    are sued in their personal capacity.

27  8.    Plaintiffs are informed and believe and thereon allege that Defendants sued

28    herein as Does 1 through 10, inclusive were and are police officers, medical

3    **COMPLAINT FOR DAMAGES**

1  care providers, agents or employees of Defendants CITY and MPD and were

2  at all relevant times acting in the course and scope of their employment and

3  agency. Plaintiffs allege that each of the Defendants named as a "DOE" was

4  in some manner responsible for the acts and omissions alleged herein. Each

5  Defendant and Doe Defendant caused and is responsible for the unlawful

6  conduct and resulting by, inter alia, personally participating in the conduct, or

7  acting jointly and in concert with others who did so; by authorizing,

8  acquiescing, condoning, acting, omitting or failing to take action to prevent the

9  unlawful conduct by promulgating or failing to promulgate policies and

10  procedures pursuant to which the unlawful conduct occurred; by failing and

11  refusing, with disregard to Plaintiffs' rights, to initiate and maintain adequate

12  training, tracking, supervision and staffing; by failing to maintain proper and

13  adequate policies, procedures and protocols; and by ratifying and condoning

14  the unlawful conduct performed by agents and police officers, and employees

15  under their direction and control. Plaintiffs will ask leave of this Court to

16  amend this Complaint to allege such facts, names and responsibility when that

17  information is ascertained.

18  9.  Whenever and wherever reference is made in this Complaint to any act by

19     Defendants, such allegations and references shall also be deemed to mean the

20     acts and failures to act of each Defendant individually, jointly or severally.

21  10.  Plaintiffs filed a timely claim pursuant to Cal. Government Code § 910, on

22     September 9, 2013. That claim was not denied pursuant Cal. Government

23     Code § 913, and pursuant to Cal. Government Code § 945.6, Plaintiffs'

24     Complaint is timely filed.

25                    **FACTUAL ALLEGATIONS**

26  11.  In the early morning hours of Friday May 17, 2013, Mr. CEDANO, then age

27     44, was at home at 1028 Carob way, City of Montebello, County of Los

28     Angeles. Shortly after midnight, near 12:15 a.m., he was apparently feeling

4   **COMPLAINT FOR DAMAGES**

1   very ill and telephoned 911 to request assistance and/or medical assistance for
2   himself.  Instead, DOE DEFENDANTS 1-10 from the MPD responded to his
3   home, and rather than immediately providing him access to medical aid and or
4   indicated assistance, the responding police officers or other agents or
5   employees of the CITY and MPD engaged in and used excessive or
6   unnecessary force, they shot him with an electrical shocking device known as
7   a Taser, beat him causing fractures of ribs 1 and 6, a bilateral temporal muscle
8   hemorrhage, subarachnoid hemorrhage, contusions of the head, shoulders,
9   chest, bicep, elbows and shin, and with other restraints and force caused his
10  death.  Thereafter, Paramedics unsuccessfully attempted emergency life saving
11  procedures.  Mr. CEDANO was taken to Beverly Hospital where he was
12  pronounced dead on Friday May 17, 2013, at 1:12 a.m., shortly after being
13  subjected to unnecessary force by MPD officers DOES 1-10.

## FIRST CLAIM

### Constitutional Violations under 42 U.S.C. § 1983

(Against Defendants Does 1 through 10 and other Doe Defendants)

17  12.   Plaintiffs refer to and replead each and every allegation contained in
18        paragraphs 1 through 11 of this Complaint and by this reference hereby
19        incorporates and makes each a part hereof as if set forth in full.
20  13.   DOES 1 through 10, from the MONTEBELLO Police Department, used
21        excessive force on Mr. CEDANO in violation of his Fourth Amendment
22        rights.
23  14.   The used of unreasonable force by DOES 1 through 10, on Mr. CEDANO has
24        violated Plaintiffs ISAAC CEDANO, MARIA CARMEN GARCIA, and the
25        minor children L.C., and S.C. rights to a familial relationship with their
26        husband and father in violation of their rights protected under the 14th
27        Amendment.
28  15.   As a result, Plaintiffs ISAAC CEDANO, MARIA CARMEN GARCIA, and

5   **COMPLAINT FOR DAMAGES**

the minor children L.C., and S.C. have suffered damages, loss of consortium, loss of familial relationship, love society and loss of support in an amount not yet ascertained but to be proven.

16.  The conduct of Doe Defendants 1-10 entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983.

17.  As a direct and proximate cause of the aforementioned acts of these Defendants, Plaintiffs retained counsel to represent them and request reasonable attorneys' fees under 42 U.S.C. § 1988.

## SECOND CLAIM

### Constitutional Violations by Supervisors under 42 U.S.C. § 1983

#### (Against Defendants CHIEF McCLURE and Does 1 - 10)

18.  Plaintiffs incorporate by reference the allegations of the preceding paragraphs 1 through 17, inclusive, as though fully set forth herein.

19.  Plaintiffs are informed and believe and thereon allege that Defendants, CHIEF McCLURE, and supervisor Does 1-10 knew, or in the exercise of reasonable care, should have known of a history, propensity, custom and pattern, prior to and after the time of the use of excessive force upon Mr. CEDANO for officers of MPD, including, but not limited to Does 1 and 10, to use excessive force, use unreasonable police tactics which lead to the unnecessary and unreasonable use of excessive force.

20.  Plaintiffs are informed and believe and thereon allege that prior to the death of Mr. CEDANO Defendants, CHIEF McCLURE, and supervisor Does 1-10 knew, or in the exercise of reasonable care, should have known Does 1 - 10 had previously used excessive force, used unreasonable police tactics which led to the unnecessary and unreasonable use of excessive force.

21.  Plaintiffs are informed and believe and thereon allege that Defendants, CHIEF McCLURE, and supervisor Does 1-10 knew, or in the exercise of reasonable care, should have known that other MPD officers, including but not limited to

6   COMPLAINT FOR DAMAGES

1  Defendants Does 1 - 10 were the subject of prior complaints of allegations of

2  similar conduct and had been Defendants in federal and state court actions

3  alleged to have violated constitutional rights in the course and scope and under

4  color of law of their capacities as MPD police officers.

5  22.  Notwithstanding this information and history of MPD officers, including but

6  not limited to Defendants Does 1 - 10, CHIEF McCLURE, and Does 1-10,

7  failed to train, supervise or discipline the MPD officers that used excessive

8  force, used unreasonable police tactics which lead to the unnecessary and

9  unreasonable use of excessive force, or the MPD officers who were the

10  subject of prior complaints of allegations of similar conduct and those who had

11  been the subject of allegations in federal and state courts to have violated

12  constitutional rights of others in the course and scope and under color of law

13  of their capacities as MPD police officers.

14  23.  CHIEF McCLURE's, and Does 1-10, disregard of this knowledge or failure to

15  adequately investigate and discover this pattern, custom or practice of

16  unconstitutional violations, or the existence of facts which creates the potential

17  of unconstitutional acts, violated their duty to supervise, train and instruct their

18  subordinates to prevent similar acts to other persons and as a result Plaintiffs

19  were harmed in the manner threatened by the custom, pattern or practice.

20  24.  CHIEF McCLURE and Does 1-10, custom, practice and policy resulted in his

21  failure to take steps to properly train, supervise, investigate or instruct

22  Defendants Does 1 and 10 use of excessive force and this was a moving force

23  in the use of excessive force upon Mr. CEDANO and a cause of the damages

24  and injuries suffered by all Plaintiffs as set forth above.

**THIRD CLAIM**

**Violation of 42 U.S.C. Section 1983 for Custom, Policy or Practice**

**Causing Constitutional Violations**

(Against CITY and MPD)

7  **COMPLAINT FOR DAMAGES**

25. Plaintiffs restate and reiterate paragraphs 1 through 24 of this Complaint and incorporate them herein by reference.

26. At all times herein mentioned, Defendants CITY and MPD, and each of them, maintained a de facto unconstitutional informal custom, practice or pattern of permitting, ignoring, enabling and condoning Chief McCLURE and Does 1-10 misconduct:

1. Encouraging, accommodating, enabling or facilitating excessive force on unarmed citizens; the use of excessive and unreasonable force, including deadly force and other misconduct;

2. Encouraging, accommodating, enabling or facilitating a "code of silence" among MPD police officers and supervisors, including Defendant and Doe Defendants 1-10 herein, pursuant to which false reports were generated and excessive and unreasonable force was covered up;

3. Employing and retaining MPD police officers and other personnel including Doe Defendants 1-10 herein, whom at all times relevant hereto they knew or reasonably could have known they had dangerous propensities for abusing their authority and mistreating citizens by failing to follow written MPD policies;

4. Providing inadequate supervision, training, controlling, reprimand, retention, assigning and discipline of MPD police officers, including Doe Defendants herein, who MPD and CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

5. Ratifying the intentional misconduct of MPD police officers, including Does 1-10 herein;

6. Maintaining inadequate procedures for reporting, supervising, reviewing, disciplining and controlling and/or abating misconduct by MPD officers, including Does 1-10 herein; and,

7. Maintaining and having unconstitutional policies and procedures that allow,

8    **COMPLAINT FOR DAMAGES**

1   facilitate and enable investigations of officer use of force in a manner

2   Inconsistent with accepted criminal investigations that promote and

3   encourages, ratifies or condones cover ups of excessive force and officers'

4   misconduct.

5   27.  These policies, customs or practices implemented, maintained and still tolerated

6   by Defendant CITY and MPD were affirmatively linked to and were a

7   significant influential force resulting in damages of pain and suffering and death

8   to Plaintiffs as set forth above.

9   28.  Accordingly, Defendant CITY and MPD are liable to Plaintiffs for

10  compensatory damages under 42 U.S.C. § 1983.

### FOURTH CAUSE OF ACTION

### Violation of California Constitution Article 1, Section 13

(Against Defendants Does 1 through 10 and other Doe Defendants)

14  29.  The allegations of paragraphs 1 through 11 above are incorporated herein by

15  reference and alleged as though fully set forth herein.

16  30.  The conduct of Defendants Does 1 - 10 and other Does in the use of excessive

17  force upon Mr. CEDANO constitutes an unjustified seizure under the California

18  Constitution Article 1, Section 13 and was the cause of the harm and damages

19  of the Plaintiffs as alleged herein.

20  31.  Each DOE DEFENDANT knew, or should have known that at the time Mr.

21  CEDANO called 911 asking for help it was apparent that he was in need of

22  urgent assistance and that they should have considered the availability of

23  alternative courses of action to respond to his circumstances instead of resorting

24  to excessive or unnecessary force that could result in death.

25  32.  Each DOE DEFENDANT knew, or should have known that at the time Mr.

26  CEDANO called 911 asking for help, he had not committed a crime, did not

27  pose an immediate threat to the safety of the officers or to others, and was

28  calling for help.

9   **COMPLAINT FOR DAMAGES**

33. As a result of the of the seizures and unreasonable uses of force by the above listed DOES 1 - 10 Montebello Police Officers agents or employees, Mr. CEDANO died on May 17, 2013. The Estate of Mr. CEDANO claims damages as allowable under Cal. Code of Civil Procedure § 377.20 including punitive damages. ISAAC CEDANO, MARIA CARMEN GARCIA, for herself, the wife of Mr. CEDANO and for his natural minor children L.C., and S.C. claims damages as allowable under Cal. Code of Civil Procedure § 377.60, for loss of family relationship, society, comfort and support, general and special damages. Each Claimant claims as damages an amount to be ascertained according to proof and in the interests of justice, not less than the monetary minimum required for the jurisdiction of the Superior Court.

34. Plaintiffs allege that the violation of California Constitution Article 1, Section 13 was done with oppression and justifies the imposition of punitive and exemplary damages according to law.

## FIFTH CLAIM

### Assault and Battery

(Against Defendants Does 1 through 10 and Other Doe Defendants)

35. The allegations of paragraphs 1 through 11 and each of them, are incorporated herein by reference and alleged as though fully set forth again.

36. On or about May 17, 2013, and at all times mentioned herein, Mr. CEDANO was subjected to an assault and/or battery causing his wrongful death by DOES 1 - 10 or other DOES acting within the scope and course of their employment with MPD and CITY.

37. Mr. CEDANO was subjected to assault and battery when he was hit, beaten, struck or shocked with the Taser darts shot at him yy DOES 1 -10, and prior to his death was in imminent fear for his life and safety and suffered severe emotional distress.

38. All Plaintiffs have suffered special and general damages as set forth above and

10   **COMPLAINT FOR DAMAGES**

1     incorporated herein by reference.

2   39.   Plaintiffs allege that the assault and battery was done with malice or oppression

3        and justifies the imposition of punitive and exemplary damages.

4 **SIXTH CLAIM**

5 **Negligence**

6 (Against Defendants Chief McClure, Does 1 - 10 and Other Doe Defendants)

7   40.   Plaintiffs refer to and replead each and every allegation contained in paragraphs

8        1 through 11 of this Complaint and by this reference hereby incorporate the

9        same herein and make each a part hereof as if set forth in full.

10   41.   By virtue of the foregoing, Defendants DOES 1 through 10 owed Plaintiffs a

11        duty of due care to avoid using police practices and tactics that would create the

12        circumstances where unnecessary use of force would be used on Mr.

13        CEDANO. Each defendant knew that Mr. CEDANO was requesting help in the

14        form of access and/or delivery to medical and/or mental health attention and

15        treatment. Defendants knew or should have known, that Mr. CEDANO at the

16        time he called 911 asking for medical or mental health treatment it was apparent

17        that he was emotionally disturbed and that they should have considered the

18        availability of alternative courses of action to respond to his circumstances

19        instead of resorting to excessive or unnecessary force that could result in death.

20        Each Defendant breached said duty of care in the choices of police procedures

21        and tactics they used to restrain and arrest Mr. CEDANO, and were a cause of

22        his death.

23   42.   Doe Defendants 1-10, were supervising officers, officers, who were present at

24        the arrest of Mr. CEDANO and knew or should have known of Plaintiff Mr.

25        CEDANO's 911 call for help and his circumstances that it was apparent that he

26        was emotionally disturbed and of his request of medical of mental health care

27        and treatment, and knew or should have known, that failure to use alternative

28        methods of responding to a call for help and for access to medical and/or mental

11   **COMPLAINT FOR DAMAGES**

1   health care and treatment, and a failure to do so could and did result in harm and

2   injury to him and caused the losses and harm and damages to the Plaintiffs as

3   alleged above.

4   43.  On and before and after May 17, 2013, Defendants Chief McCLURE,

5        defendants Supervisor Doe 1- 10, had a duty to the public and the Plaintiffs

6        herein to properly and adequately train, assign, supervise, and guide their

7        subordinate officers and personnel assigned to the MPD, including but not

8        limited to DOES 1 through 10 when responding to a 911 call for help for

9        medical and/or mental health and where, based upon the circumstances, that it

10       was apparent that the caller could be emotionally disturbed and had not

11       committed a crime or placed anyone in an immediate threat of harm, that the

12       failure to use alternative methods of responding to a call for help and for access

13       to medical and/or mental health care and treatment, and the use of negligent

14       police tactics could and did result in harm and injury to the arrestee and cause

15       losses, harm and damages to the arrestee.

16  44.  On and before and after May 17, 2013, Defendants Chief McCLURE,

17       defendants Supervisor Doe 1- 10, breached their duty to the public and to the

18       Plaintiffs herein to properly and adequately train, assign, supervise, and guide

19       their subordinate officers and personnel assigned to the MPD, including but not

20       limited to DOES 1 through 10, when responding to a 911 call for help for

21       medical and/or mental health and where, based upon the circumstances, that it

22       was apparent that the caller could be emotionally disturbed and had not

23       committed a crime or placed anyone in an immediate threat of harm, that the

24       failure to use alternative methods of responding to a call for help and for access

25       to medical and/or mental health care and treatment, and the use of negligent

26       police tactics could and did result in harm and injury to the arrestee Mr.

27       CEDANO and cause losses, harm and damages to him and the Plaintiffs.

28  45.  Each Defendant and Doe Defendant was negligent as his or her conduct fell

12   **COMPLAINT FOR DAMAGES**

1    below the standard of care for officers and other first responders in the

2    community.

3    46.   As a result, ISAAC CEDANO, MARIA CARMEN GARCIA, for herself, the

4          wife of Mr. CEDANO and for his natural minor children L.C., and S.C. claims

5          damages as allowable under Cal. Code of Civil Procedure § 377.60, for loss of

6          family relationship, society, comfort and support, general and special damages.

7          Each Claimant claims as damages an amount to be ascertained according to

8          proof and in the interests of justice.

9          WHEREFORE, Plaintiffs jointly pray for judgement as follows:

10         1.   General and special damages in an amount according to proof;

11         2.   Punitive damages according to proof;

12         3.   Costs of litigation as allowed by U.S.C. § 1988 and state law;

13         4.   For attorneys' fees and costs as allowed by U.S.C. § 1988 and state law;

14         5.   Such other and further relief as the court deems appropriate and just.

15                              Respectfully submitted,

16                   **SONIA MERCADO & ASSOCIATES**

17

18   DATED: February 27, 2014  By:_____
                              Sonia M. Mercado, Attorney for Plaintiffs  L.C., S.C.,
19                            Minors, by and through their Guardian Ad Litem Maria
                              Carmen Garcia, Isaac Cedano, Maria Carmen Garcia
20                            for herself, and for the Estate of Guillermo Pablo
                              Cedano.
21

22                              **JURY DEMAND**

23         Trial by jury of all issues is hereby demanded by all Plaintiffs.

24                   **SONIA MERCADO & ASSOCIATES**

25   DATED: February 27, 2014  By:_____
                              Sonia M. Mercado, Attorney for Plaintiffs  L.C., S.C.,
26                            Minors, by and through their Guardian Ad Litem Maria
                              Carmen Garcia, Isaac Cedano, Maria Carmen Garcia
27                            for herself, and for the Estate of Guillermo Pablo
                              Cedano.
28

                              13   **COMPLAINT FOR DAMAGES**